UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT ROMAN,

    Plaintiff,

v.                                          Case No: 6:20-cv-2197-Orl-28GJK

WAL-MART STORES EAST, LP
and JOHN DOE,

    Defendants.
_____

ORDER

This case is before the Court on Plaintiff Robert Roman's Motion to Remand and Alternative Motion to Compel Jurisdictional Discovery (Doc. 10).[1] Because the jurisdictional requirements are satisfied, Roman's motion must be denied.

## I. Background

Roman, a Florida citizen, alleges that he was injured at a Wal-Mart location. (Compl., Doc. 1-1 at 3). Roman sent Defendant Wal-Mart Stores East, LP[2] a pre-suit demand letter detailing his injuries and seeking a settlement for

---

[1] Wal-Mart filed a Response in Opposition to Plaintiff's Motion to Remand (Doc. 11).

[2] At all relevant times, Wal-Mart Stores East, LP was a Delaware limited partnership with its principal place of business in Arkansas; WSE Management, LLC was the general partner, WSE Investment, LLC was the limited partner, and both partners were Delaware limited liability companies with their principal place of business in Arkansas; the sole member of both partner LLCs

Wal-Mart's $1,000,000 policy limits. (Id. at 8). When Wal-Mart did not tender payment within the allotted time, Roman filed this negligence action in state court against Wal-Mart and a fictitiously named defendant manager. (Id. at 1). The Complaint did not specify an amount of damages, but rather pled that the claim exceeded the jurisdictional minimum for the state court—$30,000. (Id.)

Wal-Mart then timely removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 1). Roman now moves for remand, arguing that diversity jurisdiction does not exist because the requisite amount in controversy and the citizenship of the fictitiously named defendant have not been established.

## II. Discussion

A defendant may remove an action from state court to federal court if the federal court has original jurisdiction over the case, 28 U.S.C. § 1441(a), such as under the court's § 1332 diversity jurisdiction. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing by a preponderance of the evidence that

---

was Wal-Mart Stores East, LLC, an Arkansas limited liability company with its principal place of business in Arkansas; the sole member of Wal-Mart Stores East, LLC was Wal-Mart Stores, Inc.; and Wal-Mart Stores, Inc. was a Delaware corporation with its principal place of business in Arkansas. (Doc. 1 at 5).

jurisdiction exists. <u>Friedman v. New York Life Ins. Co.</u>, 410 F.3d 1350, 1353 (11th Cir. 2005).

### A. Amount in Controversy

Notably, Roman does not argue in his remand motion that the amount in controversy is below the jurisdictional requirement of $75,000. (Doc. 10 at 1-4). Instead, Roman's sole argument is that Wal-Mart has not established the amount in controversy because it improperly submitted the pre-suit demand letter as evidence. <u>Id.</u> Roman claims that such documents are confidential settlement negotiations and, even if properly considered by the Court, cannot form the sole basis for removal.[3] <u>Id.</u> Roman is incorrect.

While settlement demand letters "do not automatically establish the amount in controversy for purposes of diversity jurisdiction," courts "analyze[ ] whether demand letters merely 'reflect puffing and posturing,' or whether they

---

[3] Roman cites two cases in support of his argument that pre-suit demand letters may not serve as the basis for removal. (Doc. 10 at 3-4 (citing <u>Calhoun v. Con-Way Freight, Inc.</u>, No. 10-14210-CIV-MOORE/SIMONTON, 2010 U.S. Dist. LEXIS 113570 (S.D. Fla. October 15, 2010); <u>Devore v. Howmedica Osteonics Corp.</u>, 658 F. Supp 2d 1372 (M.D. Fla. September 28, 2009)). These cases held that pre-suit demand letters are not "other paper from which it may first be ascertained" that jurisdiction exists under 28 U.S.C. § 1446(b)(3). This authority, however, is unhelpful here because both cases dealt with the question of timeliness under § 1446(b)(3). Whereas, Roman's case was removed under § 1446(b)(1) and the timeliness of the removal is not an issue. <u>See</u> <u>Lamb v. State Farm Fire Mut. Auto Ins. Co.</u>, No. 3:10-cv-615-J-32JRK, 2010 U.S. Dist. LEXIS 143298, at *5 n.1 (M.D. Fla. November 5, 2010) (distinguishing the use of pre-suit demand letters as "other paper" under § 1446(b)(3) from the allowable use to establish the minimum amount in controversy in other instances).

provide 'specific information to support the plaintiff's claim for damages' and thus offer a 'reasonable assessment of the value of [the] claim.'" Lamb v. State Farm Fire Mut. Auto Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 U.S. Dist. LEXIS 143298, at *5, *8 (M.D. Fla. November 5, 2010) (discussing the insufficiency of a demand letter that did not explain its calculations or provide enough detail and documentation versus the sufficiency of a subsequent demand letter which included the information) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)). "The letter is evidence of [the plaintiff's] view of the amount in controversy, and that view is relevant in deciding the Motion to Remand." Mick v. De Vilbiss Air Power Co., No. 6:10-cv-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, at *6 (M.D. Fla. Nov. 14, 2010).

Although the Complaint only provides a vague description of Roman's injuries, the pre-suit demand letter explains in detail the pain and injuries that Roman suffered and continues to suffer in the region of his spine and shoulder. (Doc. 1-1 at 8-11). It also describes medical tests and procedures performed on Roman, as well as spinal surgeries recommended to be performed in the future. (Id.). The letter goes on to seek damages for past and future medical expenses, unspecified lost wages, and uncalculated lost earning capacity. (Id. at 10). Wal-Mart's removal notice explains that $11,366 in medical bills were included with the letter, (Doc. 1 at 2), and the letter promised to send additional bills that were requested by counsel, (Doc. 1-1 at 10). Lastly, the letter provides a detailed

calculation of non-economic damages for pain and suffering, estimating these damages to equal $1,537,088 at the "low-end." (Id.). Based on this information, the letter offers to settle for the $1,000,000 policy limits. (Id.).

Roman does not argue that this letter is mere puffing or posturing, and the Court concludes that it is not. Although the included medical bills do not exceed $75,000, the letter provides sufficiently detailed projected future expenses and other losses to convince the Court that the amount in controversy exceeds $75,000, even if it may not reach $1,537,088. And Roman has provided no evidence to the contrary. See, e.g., Katz v. J.C. Penney Corp., No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *18-19 (S.D. Fla. June 1, 2009) (observing that the plaintiffs were not contesting the information in the pre-suit demand package, claiming "that the pre-suit demand package amounts were inflated as part of a legal strategy to extract a settlement in lieu of litigation[,] or claim[ing] that the amount of damages sought [was] less than $75,000"). Accordingly, the Court concludes that the requisite amount in controversy has been established by a preponderance of the evidence.

B. **Diversity of Citizenship**

In addition to bringing claims against Wal-Mart, Roman also brought claims against an unidentified Wal-Mart manager whom he alleges is responsible for his injuries. As is customary, this unidentified manager is fictitiously named "John Doe" in Roman's Complaint. (Doc. 1-1 at 1); see, e.g.,

5

Walker v. CSX Trasp., Inc., 605 F.3d 1392, 1395 n.11 (11th Cir. 2011). And Roman pled the unidentified manager's state of residency "upon information and belief," presumably because the true state of citizenship could not be determined to the necessary degree of certainty without knowing the manager's identity. (Doc. 1-1 at 2).

Roman now argues that removal was improper because Wal-Mart knew or could have known that the fictitiously named manager was a citizen of Florida, Roman's own state of citizenship, and therefore complete diversity did not exist. (Doc. 10 at 4-8). Roman further argues that the Court should compel jurisdictional discovery to definitively establish the identity and citizenship of the fictitiously named defendant. (Id. at 8-9).

A federal district court's diversity jurisdiction requires complete diversity of citizenship. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). And diversity jurisdiction is determined at the time of removal. PTA-Fla., Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016). When determining whether an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). This is so even if common sense dictates that a fictitious defendant is likely a citizen of the plaintiff's state. Walker, 605 F.3d at 1395 n.11.

Within this legal framework, Roman's arguments fail. Regardless of whether Roman pled or has a cognizable claim against the fictitiously named defendant, this defendant's citizenship is disregarded in the Court's removal analysis. Further, "[f]or removal purposes, the law [does] not care whether the named defendant[ ] knew the citizenship and true name[ ] of the fictitiously named defendant[ ]." Smith v. Comcast Corp., 786 F. App'x 935, 939 (11th Cir. 2019). And the Court will not allow or compel jurisdictional discovery because, "when assessing removal, the citizenship of fictitiously named defendants must be 'disregarded,' not discovered." Id. Thus, because Roman is a citizen of Florida, Wal-Mart and its underlying ownership entities are not citizens of Florida, and the citizenship of the fictitiously named defendant is disregarded, the Court concludes that the parties are diverse for removal purposes.

### III. Conclusion

In accordance with the foregoing, it is ordered that Roman's Motion to Remand and Alternative Motion to Compel Jurisdictional Discovery (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 26, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record